UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIS RAFAEL MIGUEZ BORROTO,<br>Petitioner,<br>v.<br>WARDEN/OFFICER IN CHARGE, CENTRAL VALLEY ANNEX, *et al.*,<br>Respondents. | Case No. 1:26-cv-04667 (VC)<br>**ORDER DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 8 |

Before the Court is Petitioner Denis Rafael Miguez Borroto's Amended Petition for Writ of Habeas Corpus challenging his continued detention by U.S. Immigration and Customs Enforcement ("ICE"). For the reasons that follow, the amended petition is denied without prejudice.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner is a citizen of Cuba who entered the United States in January 2024, presented himself to immigration officials at the border, was briefly detained, and then released from immigration custody into the United States on humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A). Dkt. No. 8 ¶¶ 21–23; Dkt. No. 8-1 at 2; Dkt. No. 9-1 at 2. Upon his release, he was served a Notice to Appear, charging him as inadmissible under INA § 212(a)(7)(A)(i)(I) (i.e., 8 U.S.C. § 1182(a)(7)(A)(i)) and placing him in removal proceedings. Dkt. No. 9-1 at 2; Dkt. No. 9-2 at 2. His parole expired on January 27, 2026. Dkt. No. 8-1 at 2. Following his entry into the United States, Petitioner applied for asylum and was authorized to work by USCIS through January 2026. Dkt. No. 8 ¶

25. He worked in trash collection and food services through the expiration of his work authorization. *Id.* ¶¶ 30–35.

Sometime around April 2026, Petitioner pled guilty to a shoplifting offense. *See id.* ¶ 41; Dkt. No. 9-2 at 3. He was detained by ICE pursuant to an administrative warrant of arrest on April 18, 2026 following his release from state custody. Petitioner claims he was never presented with this warrant. Dkt. No. 8 ¶ 43; Dkt. No. 9-3 at 1; Dkt. No. 10-1 ¶ 3. Since his arrest, Petitioner has not received a bond hearing as Respondents maintain that his detention is mandatory under 8 U.S.C. § 1226(c)(1)(E) given his recent shoplifting conviction. Dkt. No. 9 at 3–4.

## II. DISCUSSION

Petitioner alleges (1) that he was entitled to pre-deprivation process prior to revocation of his release, (2) that his continued detention violates his substantive due process rights because it impairs his ability to adequately prepare for his removal proceedings, and (3) that his detention under § 1226(c)(1)(E) (i.e., the "Laken Riley Act") was unlawful as Respondents have not shown that all the statutory elements for application of the Laken Riley Act have been met. Dkt. No. 8 ¶¶ 65–95. For the reasons that follow, the Court finds that Petitioner's detention under the Laken Riley Act was proper, and that he was not stated a procedural due process or substantive due process claim on this record.

### A. Laken Riley Act

The Laken Riley Act mandates detention for any noncitizen who is (1) inadmissible under 8 U.S.C. §§ 1182(a)(6)(A), (a)(6)(C), or (a)(7), and (2) "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E). Petitioner does not challenge the second statutory element of the act. Rather, he contends that Respondents cannot satisfy the first element as he was previously paroled into the United States and there are no removal proceedings pending against Petitioner. Dkt. No. 8 ¶¶ 91–

95; Dkt. No. 10 at 4–5.

The record plainly reflects that DHS charged Petitioner as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i), and placed him in removal proceedings, when he was paroled into the United States in January 2024. Dkt. No. 9-1 at 2; Dkt. No. 9-2 at 2. This charge of inadmissibility satisfied the first element of the Laken Riley Act. *See* 8 U.S.C. § 1226(c)(1)(E)(i) ("is inadmissible under paragraph (6)(A), (6)(C), or **(7) of section 1182(a)** of this title") (emphasis added). And, to the extent Petitioner claims that DHS cannot both charge an individual as inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i) and grant them humanitarian parole, that question is better resolved by the Immigration Court in the first instance. As such, the Court finds that application of the Laken Riley Act is lawful here.

**B. Procedural and Substantive Due Process**

Turning first to Petitioner's procedural due process claim, Petitioner argues that he was entitled to pre-deprivation process prior to revocation of his release given his prior release on humanitarian parole. *See* Dkt. No. 10 at 6. To be sure, courts have found that noncitizens previously released by ICE on humanitarian parole are entitled to pre-deprivation process prior to revocation of their release. *See, e.g.*, *Torres-Zuluaga v. Wofford*, No. 1:26-CV-0318-DJC-EFB, 2026 WL 184662, at *4–5 (E.D. Cal. Jan. 23, 2026); *M.B. v. Noem*, No. 1:26-CV-0005-DJC-AC, 2026 WL 74155, at *3 (E.D. Cal. Jan. 9, 2026). However, in instances where a noncitizen is properly detained under § 1226(c), Courts have found that pre-deprivation process is not required. *See Singh v. Albarran*, No. 1:26-CV-00822-DJC-CSK, 2026 WL 381557, at *2 (E.D. Cal. Feb. 11, 2026) (finding noncitizen previously released by DHS pursuant to 8 U.S.C. § 1226(a) was not entitled to pre-deprivation process where properly detained under § 1226(c)); *Haryana-Sandhir v. Warden Golden State Annex*, No. 1:26-CV-00405-DJC-SCR, 2026 WL 221372, at *2 (E.D. Cal. Jan. 28, 2026) (similar).

The Court finds that Petitioner's re-detention without pre-deprivation process was lawful given that he was detained pursuant to the Laken Riley Act—a.k.a., a subsection of § 1226(c). Indeed, the Supreme Court found in *Demore v. Kim* that Section 1226(c)'s mandatory detention

regime is facially constitutional, even though the petitioner in that matter was a Legal Permanent Resident and had been living in the United States for many years when detained. 538 U.S. 510, 530 (2002).

Turning next to Petitioner's substantive due process claim, he argues that he is entitled to release because his five months of detention "punishes [him] by preventing him from meaningfully attending his pending asylum and status adjustment proceedings." Dkt. No. 1 ¶ 82. Though courts in this district have ordered release on substantive due process grounds where the "petitioner's present detention [was] excessive in relation to its purpose[,]" the cited support for Petitioner's claim is not sufficient for the Court to make such a finding here. *See Sumano v. Chestnut*, No. 1:26-CV-04954-KES-CDB (HC), 2026 WL 2177112, at *7 (E.D. Cal. July 28, 2026) (ordering release where Petitioner presented unrebutted evidence that her continued detention presented a significant risk of death for both herself and her unborn fetus); *see also*, *Gutierrez Romo v. Chestnut*, No. 1:26-CV-03449 KES FJS (HC), 2026 WL 2254385, at *6–7 (E.D. Cal. Aug. 4, 2026) (granting substantive due process claim where petitioner had been detained eleven months, had been diagnosed with cancer and hospitalized twice while in detention, had no removal order in place, and had been expressly found by an immigration judge not be a flight risk or danger to the community).

## III. CONCLUSION AND ORDER

For the foregoing reasons, the Amended Petition for Writ of Habeas Corpus is DENIED without prejudice. The Clerk of Court is directed to enter judgment for Respondents and close this case. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: September 23, 2026

VINCE CHHABRIA
United States District Judge